No. 18,818.

THE KANSAS SOUTHWESTERN RAILWAY COMPANY, *Appellant,* v. THE LAND AND POWER COMPANY et al., *Appellees.*

### SYLLABUS BY THE COURT.

FLOODING LANDS — *Alleged Increase in Height of Dam — Not Proven.* An owner of land claimed that his land had been overflowed and injured through the action of the owners of a dam in raising it higher than when it was originally built. The trial court found that the dam had not in fact been raised to a greater height, and it is held that there is sufficient testimony to support the findings made by that court.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 6, 1914. Affirmed.

*J. E. Torrance,* of Winfield, for the appellant.

*J. Mack Love,* and *C. W. Wright,* both of Arkansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellant complained about the height of a dam constructed by appellees across the Arkansas river, and alleged that it had been maintained so high as to flood its right of way. It asked damages for the injuries sustained, and also to enjoin the further maintenance of the dam at the excessive height. The dam was built in 1886 and 1887, and during the same time the appellant's railroad was constructed along the river. The south end of the dam adjoined the right of way, and it appears that appellant and appellees both obtained their rights in the land occupied by each from the same source. Since the dam was first constructed and the waterpower developed, there have been built in that vicinity mills and light and power plants which are operated by waterpower and which are of the estimated value of $500,000. The appellant contended that in repairing and rebuilding the dam it had been raised to a greater height than it was first built, with the result of throwing the water back on its land and injuring it. The appellees denied that the dam had been built to a greater height than it was in the beginning; they pleaded a statute of limitations, and also that they had been in the open and adverse possession of the land, and had maintained the dam for a period of time which gave them the right by prescription to keep it in its present condition. The principal controversy in the trial court arose over the question whether the dam had in fact been raised to a greater height than it was originally constructed. The trial court, after listening to a large volume of testimony, much of which was conflicting, made a general finding in favor of appellees, and necessarily found every disputed question of fact in their favor.

In this appeal attention is called to some of the testimony which, it is insisted, is not in dispute and entitles appellant to relief. There is dispute, however, on

every vital question of fact in the case. To learn the basis of the court's finding and judgment we have been compelled to read what is erroneously designated as an abstract of the evidence, but which is in fact a transcript of over four hundred pages containing everything in the case, however formal or insignificant it may be. Some of the witnesses testified, it is true, that the dam is now two feet higher than it was originally built, and some. that it is one and a half feet higher. There is abundant testimony, however, to sustain the finding of the court that it is no higher than when it was first built. The discrepancies in the testimony may perhaps be accounted for to some extent by the fact that the dam had been lowered and partly washed out by high water at different times, and some of the witnesses may have regarded the restoration of the dam as an increase in its height. One witness who declared that it was 1.91 feet above the original height finally disclosed that he referred to its height when he saw it in 1903, sixteen years after it was built. One end of the dam rested on a rock of an enduring character, and this landmark, to which some of the witnesses referred, tended to confirm the testimony of those who said that in rebuilding the dam it had not been raised above the original height. The finding of the trial court settles that question beyond further controversy.

There is some contention that appellees had no interest in the land on the bank of the river on which to base an easement, but if it be assumed that there must be a dominant estate as a foundation for the easement, there is testimony in the case that the end of the dam rested on land other than that of the appellant.

The judgment of the district court will be affirmed.